IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01603-BNB

LLOYD HARVEY LAXSON,

    Applicant,

v.

LINGREG, and
BRUNELL,

    Respondents.

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

    Applicant, Lloyd Harvey Laxson, is a prisoner in the custody of the Colorado Department of Corrections at the Buena Vista Correctional Facility in Buena Vista, Colorado.  Mr. Laxson has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) making vague and conclusory allegations regarding the computation of his sentence and medical treatment.

    The court must construe the application liberally because Mr. Laxson is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Mr. Laxson will be ordered to file an amended application if he wishes to pursue any habeas corpus claims in this action.

    The application is deficient.  First, the law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian.  *See* 28 U.S.C. §

2242; Rules 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). Mr. Laxson alleges that he is incarcerated at the Buena Vista Correctional Facility. Therefore, the only proper Respondent is the warden of that facility.

The application also is deficient because Mr. Laxson fails to provide a clear statement of his claims. To the extent Mr. Laxson is challenging the conditions of his confinement with respect to the medical treatment he is receiving while incarcerated, he may not raise those claims in this habeas corpus action. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (discussing distinction between habeas corpus claims pursuant to 28 U.S.C. § 2241 and conditions of confinement claims raised in civil rights actions). Mr. Laxson must raise any medical treatment claims in a separate civil rights action if he wishes to pursue those claims in federal court.

With respect to his vague and conclusory allegations regarding the computation of his sentence, Mr. Laxson fails to provide a clear statement of the claims he is asserting. In particular, Mr. Laxson fails to explain why he believes his sentence has not been computed correctly and how his federal constitutional rights have been violated. Although the court must construe the application liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Habeas corpus relief is warranted only if Mr. Laxson "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the

United States District Courts, which apply to this habeas corpus action pursuant to § 2241, Mr. Laxson must provide specific factual allegations in support of the federal constitutional claims he is asserting.  These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading.  *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'"  *Id.* at 656 (quoting 28 U.S.C. § 2243).  Naked allegations of constitutional violations are not cognizable in a habeas corpus action.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Mr. Laxson file an amended application that names a proper Respondent and that clarifies the federal constitutional habeas corpus claims he is asserting.  It is

FURTHER ORDERED that Mr. Laxson shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Laxson fails within the time allowed to file an amended application that complies with this order, the action will be dismissed without further notice.

DATED June 10, 2014, at Denver, Colorado.

                                          BY THE COURT:

                                            s/Craig B. Shaffer  
                                          United States Magistrate Judge