IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01603-BNB

LLOYD HARVEY LAXSON,

    Applicant,

v.

LINGREG,
BRUNELL, and
TIME COMP.

    Respondents.

ORDER

    Applicant, Lloyd Harvey Laxson, is a prisoner in the custody of the Colorado Department of Corrections (DOC). Mr. Laxson initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 3). On June 9, 2014, the court granted Mr. Laxson leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. On June 10, 2014, Mr. Laxson was ordered to file an amended application that clarifies the federal constitutional claims he is asserting in this habeas corpus action. Mr. Laxson was advised that, to the extent he also seeks to challenge the conditions of his confinement with respect to his medical treatment, he must raise the medical treatment claims in a separate civil action because conditions of confinement claims may not be raised in a habeas corpus action.

On June 20, 2014, Mr. Laxson filed an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 7) and an amended Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 8).  Mr. Laxson also tendered to the court using the civil action number for this habeas corpus action a Prisoner Complaint (ECF No. 9) pursuant to 42 U.S.C. § 1983 claiming he is being denied adequate medical treatment.

The Court must construe the papers submitted by Mr. Laxson liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

As Mr. Laxson previously was advised, he may not pursue his medical treatment claims in a habeas corpus action.  *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (discussing distinction between habeas corpus claims pursuant to 28 U.S.C. § 2241 and conditions of confinement claims raised in civil rights actions). Therefore, the Prisoner Complaint will not be filed in this action.  Instead, the clerk of the court will be directed to commence a new civil action and file the tendered Prisoner Complaint in the new civil action.  The new civil action will be assigned a separate case number.  Any papers Mr. Laxson submits to the court regarding his habeas corpus claims should be identified with the civil action number for this habeas corpus action. Any papers Mr. Laxson submits to the court regarding his medical treatment claims should be identified with the civil action number that will be assigned to the new civil action.  Accordingly, it is

ORDERED that the Clerk of the Court commence a separate civil action and file

in the new civil action the Prisoner Complaint (ECF No. 9) tendered to the court on June 20, 2014.  It is

FURTHER ORDERED that the Clerk of the Court assign the new civil action to the *pro se* docket for initial review.

DATED June 26, 2014, at Denver, Colorado.

                                      BY THE COURT:

                                      s/ Boyd N. Boland
                                      United States Magistrate Judge