IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01603-BNB

LLOYD HARVEY LAXSON,

    Applicant,

v.

LINGREG,
BRUNELL, and
TIME COMP.,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Lloyd Harvey Laxson, is a prisoner in the custody of the Colorado Department of Corrections at the Buena Vista Correctional Complex in Buena Vista, Colorado.  Mr. Laxson initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) making vague and conclusory allegations regarding the computation of his sentence and medical treatment.  On June 10, 2014, Magistrate Judge Craig B. Shaffer entered an order directing Mr. Laxson to file an amended application for a writ of habeas corpus that names a proper Respondent and that clarifies the claims he is asserting.  Magistrate Judge Shaffer advised Mr. Laxson that he may not assert his medical treatment claims in a habeas corpus action and that habeas corpus relief is warranted only if he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Magistrate Judge Shaffer also noted that the pleading rules

applicable to a habeas corpus action are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading, *see Mayle v. Felix*, 545 U.S. 644, 655 (2005), and that naked allegations of constitutional violations are not cognizable in a habeas corpus action, *see Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  On June 20, 2014, Mr. Laxson filed an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 7).

The Court must construe the amended application liberally because Mr. Laxson is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action.

The Court has reviewed the amended application and finds that Mr. Laxson still fails to provide a clear statement of any federal constitutional claims.  Mr. Laxson does provide a description of the nature of this action that indicates he intends to challenge the computation of his sentence.  (*See* ECF No. 7 at 2.)  However, Mr. Laxson does not assert any specific claims for relief in the amended application.  Mr. Laxson does not identify which of his constitutional rights allegedly have been violated and he does not allege any facts that might support a cognizable constitutional claim.  Therefore, the action will be dismissed without prejudice for failure to comply with a court order.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505

appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) and the amended habeas corpus application (ECF No. 7) are denied and the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Laxson failed to comply with a court order.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 8) is DENIED as moot.

DATED at Denver, Colorado, this   21st   day of     July       , 2014.

BY THE COURT:

   s/Christine M. Arguello
CHRISTINE M. ARGUELLO
United States District Judge, for
LEWIS T. BABCOCK, Senior Judge
United States District Court